**Clarence J. SCHUMANN, d/b/a Schumann Sales, Appellee,**

v.

**Hugh F. LEVI, Appellant.**

**No. 82–2347.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 27, 1984.

Decided March 2, 1984.

David D. Meyer, Muir, Meyer, Storey, Simons & Costello, Lakefield, Minn., for appellee.

John I. Halloran, Winzenburg, Halloran & Handevidt, Jackson, Minn., for appellant.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Clarence Schumann (plaintiff-appellee) is a licensed auctioneer in the State of Minnesota. On March 14, 1981, Schumann conducted an auction on behalf of Paul Wedeking in Lakefield, Minnesota. Hugh Levi (defendant-appellant) attended the auction and entered the high bid of $12,394.50 for some items of personal property, including a Bobcat loader, backhoe attachment and trailer, for which he bid $11,600.00. Before leaving the auction, Levi gave Schumann a check for $2,000.00 as a deposit on the sale,

taking some smaller items of personal property with him when he left. Levi arranged to pick up the loader, backhoe and trailer on March 15, 1981, and to pay the balance due, but he failed to do so.

On Monday, March 16, 1981, Levi called Schumann and asked him to wait for payment until March 19. Also on Monday, Levi stopped payment on his $2,000.00 check and mailed Schumann a check for $794.50 to cover the personal property that he had taken with him when he left the auction. According to Levi, he stopped payment on the Bobcat because he was led to believe that Schumann had misrepresented the number of hours it had been used. Schumann kept possession of the Bobcat and commenced proceedings against Levi in Minnesota District Court. The action was removed to federal court due to diversity of citizenship and the amount in controversy.

During the course of discovery proceedings, Levi learned that there had been no fraud or misrepresentation regarding the Bobcat's use. On October 2, 1981, Levi offered to pay Schumann the original bid price for the equipment pursuant to FED.R. CIV.P. 68, but Schumann rejected the offer. The case was tried before United States Magistrate Floyd Boline pursuant to 28 U.S.C. § 636(c) with the consent of the parties. After a hearing, Magistrate Boline entered a judgment for plaintiff Schumann, awarding him the price of the Bobcat plus interest. Levi appeals, arguing that the magistrate erred in ordering specific performance of the contract and in his calculation of prejudgment interest.

*Specific Performance/Action for the Price*

The pertinent part of the magistrate's order states:

## CONCLUSIONS OF LAW

1. That defendant entered into a valid contract with plaintiff on March 14, 1981 to purchase a Bobcat loader, backhoe attachment and trailer for the sum of $11,-600.00, and that defendant has breached the contract.

2. That plaintiff is entitled to specific performance to obtain the benefit of his bargain.

3. That plaintiff is entitled to the sum of $11,600.00 because of the breach of contract.

4. That plaintiff suffered additional damages consisting of interest costs from March 15, 1981 through October 7, 1981 in the amount of $851.09 less the reasonable rental for machinery in the amount of $300.00.

5. That plaintiff is not entitled to an award of punitive and exemplary damages.

## ORDER FOR JUDGMENT

1. That plaintiff is awarded $11,600.00 plus interest in the amount of $551.09.

2. That plaintiff shall tender possession and title of the Bobcat loader, backhoe attachment and trailer to defendant at the time defendant satisfies this judgment.

Appellant contends that the magistrate ordered specific performance of the contract, and that this was in error. Citing cases that speak specifically to the traditional division of law and equity, appellant argues that under the doctrine of election of remedies, specific performance was unavailable to plaintiff because he only brought a legal claim for damages. In response, appellee argues that specific performance is not the issue here; he claims that the court awarded him his legal remedy of the price pursuant to MINN.STAT. § 336.2–709 (1966). That section reads in pertinent part:

**336.2–709 Action for the Price**

(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with incidental damages under the next section, the price * *

(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

(2) Where the seller sues for the price he must hold for the buyer any goods which have been identified to the con-

tract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.

■ The facts as found by the magistrate meet the requirements for recovery of the price. Appellant failed to pay the price when it was due. The goods were identified to the contract, and appellee presented evidence of his unsuccessful attempts to resell. Appellee's contention that he was awarded his legal remedy is persuasive. The equitable remedy of specific performance and the Uniform Commercial Code's action for the price are virtually identical, and the court's order appears to be a judgment for the price.

■ Appellant also argues that the magistrate abused his discretion in awarding Schumann the price because his complaint did not allege an action for the price or cite the Minnesota statute. Schumann's complaint alleged a breach of contract, and in his prayer for damages, he asked for "an amount necessary to compensate for his loss of bargain." Because a trial court must grant the relief to which a prevailing party is entitled, the court can award such relief, even though the party has not demanded it. FED.R.CIV.P. 54(c); *Charles Schmitt & Co. v. Barrett,* 670 F.2d 802, 806 (8th Cir.1982); *Troutman v. Modlin,* 353 F.2d 382, 385 (8th Cir.1965). Here, the parties stipulated to the breach of contract prior to trial and proceeded to litigate the damages issues. As stated above, the evidence adduced at trial provided the support for an award of the price.

*Interest*

Finally, appellant contends that the court erred in calculating the amount of interest damages. The court's memorandum states that the interest was computed pursuant to MINN.STAT. § 549.09. Section 549.09 provides that postjudgment interest shall be computed at the rate set by the Court Administrator of the Minnesota Supreme Court for the year in question. Appellant argues that interest should have been computed pursuant to MINN.STAT. § 334.01, which provides that the interest rate for any legal indebtedness shall be at the rate of six percent per year, unless the parties contract for a different rate in writing.

■■ Appellant's contentions regarding this point are correct. In *ICC Leasing Corp. v. Midwestern Machinery Co.,* 257 N.W.2d 551 (Minn.1977), the Minnesota Supreme Court held that prejudgment interest should be computed according to section 334.01, subd. 1, at the rate of six percent. Postjudgment interest, however, should be computed pursuant to 28 U.S.C. § 1961(c)(2) (Supp.1983). *Weitz v. Mo-Kan Carpet, Inc.,* 723 F.2d 1382 (8th Cir.1983). Federal law provides for interest from the date of judgment at a floating rate determined by the coupon yield of United States Treasury Bills. The provision covers "any judgment in a civil case recovered in a district court." *Id.* at 1386. Accordingly, this portion of the magistrate's judgment is reversed and remanded for a determination of the prejudgment and postjudgment interest rates pursuant to the applicable statutes.

For the foregoing reasons, the magistrate's judgment is affirmed in part and reversed and remanded in part.