989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert I. SCISSORS; William H. Lippy; Thomas M. Blassie;
Orin S. Nieman; NCO Financial Corp.; South County
Properties, Inc., as partners of South Plaza Ventures, a
Missouri general partnership, Plaintiffs Appellants,
v.
DRESS BARN, INC., Defendant Appellee.
 Nos. 92-2226 and 92-2376.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: March 3, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.
 REAVLEY, Circuit Judge.
 
 
 1
 This is a suit by the lessor for breach of lease by the lessee. After holding that the lessee was liable for breach of the terms of the lease, the district court by summary judgment denied all relief to the lessor. Both parties complain. We affirm the district court's judgment on liability, but reverse and remand as to damages.
 
 I. BACKGROUND
 
 2
 Dress Barn, Inc. (Dress Barn) agreed to rent retail space from Robert I. Scissors et al. d/b/a South Plaza Ventures (SPV). The term of the multi-year lease ran from September 1987 through June 1993, but Dress Barn was given the opportunity to terminate the lease early if, during the period from March 1, 1988 to February 28, 1989, it failed to achieve total gross sales of at least $588,900.00. In order to terminate early, the lease required Dress Barn to give SPV written notice of its intention to vacate no later than March 20, 1989. The lease also required that the notice be accompanied with certified financial statements which supported Dress Barn's entitlement to terminate the lease early.
 
 
 3
 By letter dated April 19, 1989, Dress Barn notified SPV of its desire to terminate the lease. Dress Barn enclosed a check for $20,000.00, as required by § 1.3(b)(ii) of the lease. None of the requisite financial statements were enclosed with Dress Barn's letter. SPV informed Dress Barn that its termination notice was untimely and improper and returned the check. Dress Barn remained in the leased premises and paid rent until June 1990.
 
 
 4
 SPV sued Dress Barn for unpaid rent, interest, and attorney's fees (as provided for in §§ 18.7 and 25.13 of the lease). The district court held in favor of SPV on the issue of liability, but ordered that SPV take nothing, since SPV had sued for the full remaining value of the lease and had offered no evidence to support a recovery for anticipatory repudiation. The court initially awarded SPV attorney's fees; however, it later vacated that award on the ground that SPV was not a "prevailing party" and therefore not entitled to recover attorney's fees under the lease.
 
 II. DISCUSSION
 
 5
 A. Dress Barn's Liability.
 
 
 6
 Aside from the untimeliness of the notice, or excuse therefor, Dress Barn's notice of early termination was incomplete, as it did not include the financial statements required by § 1.3(b)(i) of the lease. Provisions for cancellation of a lease must be strictly complied with and, therefore, notice which does not comply with the lease provisions is void and the lease continues in effect. National Alfalfa Dehydrating & Milling Co. v. 4010 Washington, Inc., 434 S.W.2d 757, 763-64 (Mo. Ct. App. 1968) (holding that lease was not cancelled because lessee failed to pay penalty prior to cancellation as required by the lease); see also Hawkinson v. Johnston, 122 F.2d 724, 732 (8th Cir.) (holding that termination provisions must be "fully complied with"), cert. denied, 314 U. S. 694, 62 S. Ct. 365 (1941). Dress Barn's failure to include the required financial statements, in and of itself, is sufficient to support the district court's conclusion that Dress Barn breached its lease with SPV by violating the early termination provision.
 
 
 7
 B. SPV's Right to Recover.
 
 
 8
 Following the summary judgment in favor of SPV on the question of liability, Dress Barn stipulated that SPV's damages through June 1, 1991 (the first day of the month following the original trial) were $53,984.82. SPV then sought to have the district court enter judgment on the stipulated damages. Dress Barn argued that SPV had sought unpaid rent for the entire term, not merely the period between Dress Barn's abandonment and June 1, 1991, and that a judgment in accordance with the stipulated damages would change SPV's theory of damages. After denying SPV leave to amend its pleadings to conform with the stipulated damages, the district court ordered that SPV take nothing, despite its prior finding of liability and Dress Barn's stipulation of damages, reasoning that recovery of damages through June 1, 1991 was neither "the theory the Plaintiffs pleaded [nor] the relief the Plaintiffs sought."
 
 
 9
 In Adkins v. Hobson & Son, Inc., 666 S.W.2d 951 (Mo. Ct. App. 1984), the lessee signed a three-year lease and then stopped paying rent after 18 months. The lessor sued prior to the end of the lease on two grounds: (1) recovery of unpaid rent as of the date of judgment, and (2) recovery of future rents due to the end of the lease term based upon anticipatory repudiation. Id. at 953. The trial court awarded the lessor partial back rent. The court of appeals held that, while the lessor was not entitled to the entire rent due until the end of the contract, he was entitled to all back rent not paid as of the date of the judgment. Id. at 955-56. Adkins makes it clear that the landlord need not remain out of possession for the entire term of the lease in order to recover.
 
 
 10
 The only distinction that Dress Barn attempts to make between this case and Adkins is that the lessor in Adkins specifically sought recovery of unpaid rent as of the date of judgment, in addition to rent due for the remainder of the term, whereas SPV sought in its "one-count complaint" all rent due-past, present, and future-under the lease. We do not find this compelling. Fed. R. Civ. P. 54(c) provides, in part, that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings " (emphasis added). SPV argues that the district court erred in holding that, though Dress Barn was liable and SPV's attempt to recover the stipulated damages was "an appropriate theory of recovery," SPV should take nothing because it had failed to properly plead the stipulated damages. The district court's ruling is contrary to Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc., 531 F.2d 910 (8th Cir. 1976), where this court held that "a plaintiff is not strictly bound by the prayer for relief in its complaint; the trial court is obligated to enter judgment in favor of plaintiff for any appropriate relief mandated by the evidence adduced at trial." Id. at 919 (emphasis added); see also Schumann v. Levi, 728 F.2d 1141, 1143 (8th Cir. 1984) ("[A] trial court must grant the relief to which a prevailing party is entitled ... even though the party has not demanded it.").
 
 III. CONCLUSION
 
 11
 Due to Dress Barn's failure to comply with the terms of the early termination provisions of the lease, we AFFIRM the district court's summary judgment in favor of SPV on Dress Barn's liability for breach of the lease. Based upon Adkins, SPV is entitled to recover rent due and other lease expenses through the date of judgment, plus interest thereon and attorney's fees. The fact that SPV initially sought to recover rent due for the balance of the lease should not prevent it from recovering what it is owed. Therefore, we REVERSE the district court's order that SPV take nothing and recover no attorneys' fees, and REMAND to the district court with instructions to award SPV back rent and interest up to the date of judgment (assuming that there has been no occupancy), less any mitigation that SPV may have owed Dress Barn under Missouri law,[1] and attorney's fees as provided for in the lease.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 13
 FLOYD R. GIBSON, Senior Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 I respectfully dissent because I believe there are material issues of fact concerning Dress Barn's contention that SPV committed a breach of the covenant of good faith and fair dealing. In my view, the district court erred in summarily rejecting Dress Barn's contention that SPV knew that Dress Barn was operating under an incorrect interpretation of the termination dates and failed to apprise Dress Barn in order to prevent Dress Barn from properly exercising the early termination rights in accordance with the lease terms.
 
 
 15
 Under Missouri law, there is an implied covenant of good faith and fair dealing in every contract. American Business Interiors v. Haworth, Inc., 798 F.2d 1135, 1142 (8th Cir. 1986). "Each party must do nothing destructive of the other party's right to enjoy the fruits of the contract and do everything that the contract presupposes they will do to accomplish its purpose." Id. The termination provisions of the lease contract were put in place to insure that both parties were aware of the proper procedures to take in the event of termination. When Dress Barn made two attempts to confirm and clarify the proper termination dates in letters dated November 30, 1987 and December 30, 1987, SPV failed to answer the letters. Evidence in the record indicates that SPV might not have been acting in good faith when it failed to respond to Dress Barn's confirmation letters and correct Dress Barn's misunderstanding. Furthermore, the record indicates that one month before Dress Barn sent its termination letter, SPV's property manager recommended that "[i]n the event they do fold up, the longer we keep then open past their kickout date the better off our case might be that they acknowledge that they missed their option to terminate." (Apdx. 126). In reviewing these facts in the light most favorable to Dress Barn, Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587 (1986), there are sufficient facts to warrant submission of the issue of good faith to the jury. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Because there are factual issues that should have been presented to a trier of fact, I respectfully dissent from Section IIA of the majority's discussion.[2]
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The parties disagree as to SPV's obligation to mitigate the damages caused by Dress Barn's early termination; however, since neither briefed this issue before this court, we will defer to the district court to determine whether SPV owed Dress Barn any duty to mitigate and, if so, whether SPV acted in compliance with that duty
 
 
 [2]
 I do concur with the majority that the case should be remanded on the damages issue to determine whether SPV had a duty to mitigate damages under Missouri law; and, if so, whether SPV made a bona fide attempt to mitigate